IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **CRIMINAL NO. GJH-21-396** |
| | * | |
| **EUNICE BISONG NKONGHO** | * | |
| | * | |
| **Defendant** | * | |
| | ******* | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE
<u>PENDING APPEAL</u>**

**I.   INTRODUCTION**

The United States of America, by undersigned counsel, respectfully submits this response to the Defendant's motion pursuant to 18 U.S.C. § 3143(b) seeking release pending appeal, ECF No. 58. This Court must deny Defendant's motion because she cannot meet her heavy burden of demonstrating that her appeal will be successful enough to require reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence such that it would be greater than the total of the time already served plus the expected duration of the appeal process.

**II.   PROCEDURAL HISTORY**

Defendant was initially charged via a sealed Indictment returned in this District on September 12, 2018, in *United States v. Peter Unakalu et al.*, GJH 18-468. After her arrest in California on October 3, 2018, she had her initial appearance in this District on October 23, 2018, and the Defendant was ordered released under supervision of pretrial services. After a trial scheduled in the Spring of 2020 was delayed by the COVID pandemic, this Court held two pretrial motions hearings on October 5 and December 1, 2020, to consider 13 motions Defendant filed and one motion in limine filed by the government, respectively. On June 2, 2021, the Court set in a

jury trial for October 4, 2021. Following the return of a Third Superseding Indictment filed on August 25, 2021, Defendant filed a motion on September 22, 2021, to dismiss on Speedy Trial Act grounds, which motion was granted without prejudice to re-file charges on September 27. Defendant was indicted in the instant case, GJH 21-396, on September 29, 2021.

After a 7-day trial that began on October 6, 2021, a jury convicted Defendant of both counts pending against her, namely Conspiracy to Commit Money Laundering and Money Laundering. The Court declined to detain the Defendant pending sentencing on February 22, 2022. After a defense request to delay sentencing, Defendant appeared before this Court on April 27, 2022, where she was sentenced on the two counts of conviction to 24 months' imprisonment. Defendant timely noticed her appeal on May 2, 2022.

### III.    Legal Standard

This Court is well aware of the standards for considering defendants' motions for post-conviction release, having written extensively on the issue in *United States v. Wilder*, GJH-17-528, 2020 U.S. Dist. LEXIS 82566 (D. Md. May 11, 2020).  18 U.S.C. § 1343 articulates a statutory presumption that a sentenced defendant will begin serving her term of imprisonment regardless of the pendency of an appeal; the Defendant faces the burden of overcoming the presumption. *See United States v. Jinwright*, No. 3:09-cr-00067-W, 2010 U.S. Dist. LEXIS 85677, at *4-5 (W.D.N.C. July 23, 2010) ("The burden falls on Defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community. Fed. R. Crim. P. 46(c); *see also United States v. Thompson*, 2008 U.S. Dist. LEXIS 93432, 2008 WL 4460204, at *1 (W.D. Va. 2008) (citing S.Rep. No. 98-225, at 27 (1983) (reporting on revision of Bail Reform Act) ("The committee intends that in overcoming the presumption in favor of detention the burden of proof rests with the defendant."); *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988) (finding that "defendant must present 'clear and

convincing evidence' that he does not 'pose a danger to the safety of any other person or the community' after conviction')). Even if a defendant proffers sufficient evidence tending to rebut this presumption, "the presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained." *United States v. Granger*, 2006 U.S. Dist. LEXIS 26711, 2006 WL 1303150, at *1 n.1 (E.D. Va. 2006) (*citing United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight")).

    18 U.S.C. § 3143(b)

  (b) Release or Detention Pending Appeal by the Defendant.—
    (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
      (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
      (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
        (i) reversal,
        (ii) an order for a new trial,
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

### IV. DEFENDANT'S MOTION FAILS AS SHE FAILS TO SHOW A LIKELIHOOD OF PREVAILING ON A SUBSTANTIAL APPELLATE ISSUE

The government does not argue that the Defendant is likely to flee or pose a danger to the safety of the community. The Defendant's motion must be denied, however, because this Court cannot find that the Defendant's mooted appeal is likely to result in reversal, an order for a new trial, a sentence devoid of imprisonment, or a reduced sentence that will span less time than anticipated for the appellate process. The matters that Defendant asserts that she will raise on appeal are (1) this Court's denial of her motion to suppress (a) evidence seized upon her return from Cuba in March 2017 and (b) items seized and subsequently searched incident to her arrest in October 2018, (2) the denial of her motion to suppress statements made on the date of her arrest,

and (3) alleged errors in Guideline calculations. None are availing, and it is the government's expectation that the grounds below will be disposed of by the Fourth Circuit without need for oral argument.

> A. **The Court's Denial of Defendant's Motion to Suppress Evidence Obtained from Her Cell Phone in October 2018 is Moot Because no Use was Made of that Evidence.**

Taking the most trivial matter first, although the government opposed the Defendant's suppression motion as to the cell phone seizure in October 2018, it introduced no evidence obtained as a result of that search at trial nor was any evidence adduced at trial derived from the phone. All evidence from the Defendant's cell phones introduced at her trial were taken from her phone following the March 2017 border crossing.[1] Even were Defendant to prevail on this ground on appeal, the error would be harmless and would not result in a new trial.

> B. **The Court's Erroneous Factual Recitation that the Defendant's Sixth Amendment Rights had not Attached Before her October 2018 Interview does not Affect its Alternative Grounds for Denying Defendant's Suppression Motion.**

Defendant's challenge to the introduction of statements that she made to law enforcement at the time of her arrest is of greater moment since those were, indeed, introduced at trial, but the likelihood of prevailing on that issue on appeal is slight. Defendant presently makes much of an error made by this Court in its memorandum opinion denying the Defendant's motion (ECF No. 364) noting that the Sixth Amendment was not implicated because judicial proceedings had not yet commenced in this case. Def's Mot'n at 7-8. The government concedes this was an erroneous recitation of the facts of the case, an error made more curious as the opinion also correctly noted, at page 4, that the Defendant was advised beforehand of a warrant for her arrest

---

[1] For example, the WhatsApp chat exchanges from Nkongho's phone entered into evidence as Government's Exhibit 25.3 end in March 2017 and the last few chats mention Nkongho's arrival in Miami.

from the District of Maryland, which is a hallmark of active judicial proceedings.[2]  That said, the error is immaterial since this was one of only two grounds on which this Court denied Defendant's motion to suppress.

The dispositive issue is whether there is a knowing and voluntary waiver following *Miranda* warnings, which effectively addresses both Fifth and Sixth Amendment rights. *See, e.g., Mormon v. United States*, PWG 12-592, 2017 U.S. Dist. LEXIS 107084, 2017 WL 2955740, at *3 (D. Md. July 11, 2017) (citing *Patterson*, 487 U.S. at 296) ("In other words, in contexts such as those in which Mormon confessed—namely, custodial interrogation in which law enforcement officers advise the suspect of his rights—the Fifth and Sixth Amendment inquiries are essentially one and the same."). The Fourth Circuit has long held that a defendant's Sixth Amendment rights are not violated—even when the defendant is not advised that he has already been indicted—so long as he is advised of his *Miranda* rights and knowingly and voluntarily waives them. *See United States v. Muca*, 945 F.2d 88 (4th Cir. 1991) ("we hold that because Muca executed a knowing and intelligent Miranda waiver, he validly waived his Sixth Amendment right to counsel and the inculpatory statements he made were properly admitted at his trial despite the fact that he was not specifically informed of his indictment.")

This Court correctly found that Defendant had knowingly and voluntarily waiver her Fifth and Sixth Amendment rights. ECF 468 at 18. Evidence supporting this finding was direct and

---

[2] The Court's error on this point may have owed much to the fact that Defendant had only challenged her statements on voluntariness grounds in her written pleadings, see ECF Nos. 135 & 266, never asserting that any Sixth Amendment right to counsel had been violated in obtaining them.  It was only during the October 5, 2020, motions hearing itself that Defendant orally argued that because the Defendant had at one point used an attorney to help her obtain return of the items seized during the March 2017 border crossing, that she had an attorney.  Defendant also never established that either of the agents who interviewed her on October 3, 2018, were aware that she had previously engaged an attorney, much less that one was currently representing her in this particular matter.

conclusive since that the government presented the Court with a videorecorded interview where the Defendant was advised of her full *Miranda* rights, to include the Sixth Amendment portions, and orally waived those rights and did not subsequently invoke either her rights against self-incrimination or to counsel during the course of the interview. Further, during the motions hearing in this case, Defense Criminal Investigative Service Special Agent Janet Horst testified that, before the videorecorded interview commenced, she advised Defendant that she was under arrest and would be taken to U.S. District Court in Los Angeles for the purpose of answering to pending charges, and also advised Defendant of her Fifth and Sixth Amendment rights before Defendant agreed to a videorecorded interview. Mot'n Hearing Transcript (18-cr-468 ECF No. 357) at 51-53, 56. Horst confirmed on redirect questioning that Defendant never claimed she had an attorney nor asked to speak with one at any time before or during the recorded interview. *Id*. at 72.

Because a showing of a knowing and voluntary waiver is sufficient to overcome challenges under both the Fifth and Sixth Amendments, the Court's erroneous factual recitation and conclusion that Sixth Amendment rights had not yet attached when the challenged interview took place is immaterial given the alternative, dispositive ground for upholding the admissibility of the statements. Given binding Circuit caselaw on this issue, Defendant stands a vanishingly small chance of prevailing in challenging it on appeal.

      **C.    Defendant's Challenge to the Warrantless Seizure of Her Electronic Devices at the Miami Airport in March 2017 was Correctly Denied.**

Defendant's posited appeal of this Court's denial of her motion to suppress evidence resulting from the border authority seizure of her electronic devices is almost certain to fail. Although Defendant recites the arguments it made to this Court and the factors it had to consider in denying her motion to suppress, Def's Mot'n at 6 (ECF No. 58), she points to no flaws in the

Court's reasoning in denying her motion. Rather, she only observes that "[a]ll of these legal and factual findings will be raised on appeal."

That bare statement cannot be said to demonstrate a likelihood that she will prevail on this issue at the Fourth Circuit.  Indeed, as this Court noted in its considered memorandum opinion, drafted after benefit of fulsome briefing by both parties and argument on the relevant issues, border searches are a recognized exception to the warrant requirement and even non-routine border searches only require "particularized suspicion." ECF No. 364 at 5.  In the instant case the government obtained a warrant to search the Defendant's phones, so the only real issue for this Court to decide was whether their *seizure* was supported by such particularized suspicion. *Id*. at 7.  As a factual matter, the Court found that "agents had more than reasonable suspicion to seize the electronic devices" before listing all the factors that supported that finding, including an international nexus to the criminal activity suspected. *Id*. at 8.  As an alternative basis, the Court also noted in a footnote that it would have upheld the search on good faith reliance on biding authority in place at the time of the seizure, though seizure's basis also satisfied the Fourth Circuit's current test under *United States v. Kolsuz*, 980 F.3d 133, 147 (4th Cir. 2018).

Thus, to prevail on appeal on this issue, Defendant would need to convince the appellate court to displace this Court's findings of fact regarding whether the basis of the search provided particularized suspicion of some criminal activity with an international nexus *and* find the agents could not have relied on good faith on binding authority then in force.  That is a high bar, and Defendant has not surmounted it.

      **D.**     **Prevailing on Guideline Factor Disputes on Appeal is Unlikely to Lead to a Lower Sentence.**

Finally, although the Court is in the best position to consider the Defendant's arguments that prevailing on any challenged guideline factor will result in a lower sentence, it is the

government's sense that the Court did not vary downward from a particular starting point provided by the results of its Guideline analysis in arriving at what it considered to be the appropriate sentence for the Defendant. Rather, the Court made clear its skepticism of the Guideline's product and appeared to determine sentence exclusively under 18 U.S.C. § 3553(a) factors, such that any Guideline changes resulting from a successful appeal of their determination would be immaterial to the Court's decision. Moreover, the Defendant here again merely restates previous arguments without any basis for asserting that she is likely to prevail.

Additionally, the Government would note that it will almost certainly use any future re-sentencing proceeding to present evidence that it suspects would cause the Court to sentence the Defendant to a lengthier period of imprisonment after reconsideration. ███████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████
    ████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
_____
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

Given how heavily the Court weighed the absence of criminal history and the apparent aberrancy of Defendant's conduct in the underlying case in deciding upon a 24 month sentence, and despite the Guidelines counseling a sentence of imprisonment nearly five times that high, the government submits that any resentencing that takes these facts into account will likely produce a higher sentence of imprisonment than what Defendant currently faces should she prevail in appealing a Guideline issue.

V.   CONCLUSION

Accordingly, the government asks the court to deny the defendant's motion without a hearing, though requests a hearing if the Court considers granting the motion over objection.

Respectfully submitted,

Erek L. Barron
United States Attorney

_/s/ *J.R. Baldwin*_____
Joseph Baldwin
Adam Ake
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, I am causing the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will provide notice of such filing to all parties.

    ____*Joseph R. Baldwin*_____
    Joseph R. Baldwin
    Assistant United States Attorney